Gabrielli, J. (dissenting).
Although section 131-a of the
Social Services Law established a flat grant system, it is not an exclusive, closed application of that concept. The statute itself provides for specific, special grants as an intricate, discrete but significant part of the New York system and a general recitation of the flat grant concept cannot erase the statutory language mandating consideration of "individual case circumstances” in the distribution of these special grants.
As noted by the majority, prior to 1969 recipients of public assistance in New York State had been eligible for a substantial number of special grants, each grant being based on an evaluation of individual need in a particular case. The compilation of all such grants to an individual constituted the total allowance awarded to that person. But in 1969, due to the need for uniformity and for a reduction in administrative burdens, the Legislature chose to consolidate into a flat monthly grant nearly all items of need issued previously as *450 special grants. Significantly, however, the Legislature chose to exclude from the flat grant items of need such as shelter and fuel. Thus, subdivision 1 of section 131-a of the Social Services Law directs general grants be made in accordance with the schedule provided in subdivision 3 "except for additional amounts which shall be included therein for shelter, fuel for heating, additional costs of meals for persons who are unable to prepare meals at home and for other items for which specific provision is otherwise made in article five” (emphasis added).
Subdivision 2 of section 131-a of the Social Services Law sets forth a schedule for the standard of monthly need for determining eligibility. Subdivision 2 was amended in 1971 (L 1971, ch 298) by re-emphasizing that the standard of need requires inclusion of the special grants for shelter and fuel. That amendment added the following language: "In addition to the above, the standard of need shall include amounts for shelter and fuel for heating, amounts for additional cost of meals for persons who are unable to prepare meals at home and amounts for other items when required by individual case circumstances for which specific provision is otherwise made in article five of this chapter” (emphasis added). This language expressly mandates consideration of "individual case circumstances” when establishing the special grants referred to in subdivision 1.
The promulgation of 18 NYCRR 352.3 (a) created a schedule of maximum shelter allowances thereby effectively setting a flat grant for any recipient whose rent equals or exceeds the maximum. The regulation makes no provision for "individual case circumstances”, adopting the flat grant concept in toto without regard for the statutory direction and in this respect it improperly ignores the statutory special exception for shelter allowances.
Prior to the promulgation of this regulation the commissioner maintained the shelter allowance as a special grant. Thus, for years after the adoption of the flat grant concept the commissioner continued special grant allowances for shelter. Indeed, a bill was introduced in the 1973-1974 legislative session to convert the shelter grant into a flat grant but it failed of passage (Assembly Bill A-7376).
In a comparable matter the commissioner has recognized the statutory requirement to consider individual circumstances in determining the special fuel grant. Like shelter, *451 fuel is a special exception to the flat grant concept and the regulations properly provide for allowances above the monthly schedule of rates where conditions warrant. The Social Services Regulations (18 NYCRR 352.5 [c]) direct that "[a]n additional allowance for fuel shall be granted when made necessary by exceptionally severe weather, overly exposed location or unusually poor construction of a dwelling, or by reasons of poor health”. This regulation is a clear recognition of the individual need concept applicable to specific exceptions to the flat grant as mandated by the statute. The great bulk of grants are issued without individual determination, according to the general schedule, but a recipient in need is given an opportunity to show that an exception should be made. The regulation is precisely drafted to take into account both the legitimate concern of the commissioner for administrative efficiency and the duty under section 131-a to insure that the grant is issued in the amount actually required.
Like the fuel grant regulation, shelter allowances must provide for some consideration of individualized need. As to the special grants for shelter and fuel the statute mandates that grants be provided as "required by individual case circumstances”. This requirement does not destroy the flat grant concept but demonstrates an understandable legislative concern that in specific areas special exceptions may exist. The Department of Social Services, in an affidavit in support of its cross motion to dismiss, acknowledged that less than 5% of the public assistance recipients might be eligible for special consideration. Thus, no destructive force will be unleashed by compliance with the statutory mandate.
In the case of petitioner Bernstein, she is a 64-year-old widow who lives alone, suffers from diabetes and has had two heart attacks. She has neighbors who care for her and her doctor has certified that her health would be endangered if she had to move. The New York City Department of Social Services approved her rent even though it was at a level higher than the amount ordinarily granted to single individuals under the prior schedule for maximum shelter grants. Under the new regulation her shelter allowance will be cut in spite of clear indications of special need, and the loss of benefits will prevent her from continuing to reside at her present location.
Petitioner William Banister suffers from a severe emotional and nervous condition for which he receives care from Roose *452 velt Hospital. He is blind in one eye, has gout, arthritis and is severely overweight. Mr. Banister lives in a ground floor apartment, since his condition makes it unhealthy for him to climb stairs, and on a block near his brother who looks in on him from time to time. As with Mrs. Bernstein, the department had approved a shelter grant above the established maximum, the loss of which may well place his health in serious jeopardy.
Petitioner Piotrowicz suffers from an uncontrollable seizure disorder which strikes without warning and as a result of this disorder he has been declared permanently disabled, thereby receiving Social Security and veteran’s disability benefits. Friends in his present apartment building care for him when he has a seizure. His application for special consideration on his shelter allowance was denied and this will necessitate relocating in another area, with the consequent loss of this required help.
These petitioners demonstrate precisely why the Legislature included special grant exceptions to the flat grant concept and why consideration must be given to "individual case circumstances”.
The primary issue in this appeal is whether the maximum shelter allowance regulation (18 NYCRR 352.3 [a]), as applied to these petitioners, conflicts with section 131-a of the Social Services Law in that it fails to provide for "individual case circumstances”. For the reasons stated above a conflict does exist. As we noted in Matter of Jones v Berman (37 NY2d 42, 53), "[administrative agencies can only promulgate rules to further the implementation of the law as it exists; they have no authority to create a rule out of harmony with the statute”. This regulation, as applied to these petitioners, is out of harmony with the statute and therefore the petition should not be dismissed. The petitioners have stated a valid cause of action and the matter should proceed to trial.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Fuchsberg and Cooke concur with Judge Jones; Judge Gabrielli, dissents and votes to affirm in a separate opinion in which Judge Wachtler concurs.
Order reversed, without costs, and the petition dismissed. Question certified answered in the negative.